```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3167 |
| | ) | |
| v. | ) | |
| | ) | |
| MONIQUE R. MOREY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant has moved for allowance of supervised visits with her husband and co-defendant, Cristobal Camacho, who remains in custody. Defendant's order setting conditions of release prohibits association with persons who may be involved in the case, and, obviously the communication between co-defendants risks threats or other forms of witness tampering. The government opposes the motion. Although the government's opposition arguments are captioned an "objection" in violation of the local rules, the arguments therein are considered as a brief.

It appears to me that the court should not interfere with the associational rights of married co-defendants in the absence of some showing of a particularized reason to do so. It is true that the association does give rise to a "risk" of witness tampering. However, there is no showing of any specific danger, and I believe counsel for the defendants can advise their clients of the risks involved with any such behavior.

    IT THEREFORE HEREBY IS ORDERED:

    1. The motion for supervised visitation, filing 23, is granted, and the defendants shall be permitted supervised visits and telephone calls. The supervision may include recording conversations between the co-defendants.

2. Counsel for both defendants shall remind their clients of the prohibitions against any untoward actions that could in any way interfere with either defendant's actions in the case in violation of the Victim and Witness Protection Act, and/or other applicable statutes.

DATED this 8th day of January, 2008.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge